IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SALVADOR RAMERIZ and MIGUEL ANGEL CHAVEZ,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON GOVERNMENT'S MOTION IN LIMINE RE: PHOTOGRAPHS AND DEFENDANT'S MOTION IN LIMINE OBJECTING TO PHOTOGRAPHS<br><br>Case No. 2:09-CR-784 TS |

The government moves in limine for the admission of six booking photographs of three defendants taken by the jail on the day of Defendants' arrest.[1] The government argues that the photographs are admissible under Fed. R. Evid., 901(a), 401, 402, 403 and 404(b). The government contends that identity is a key issue for trial. The government alleges that the Defendants have changed their appearance since the date of the alleged

---

[1] One of the Defendants has since entered a plea and therefore, the Motion is moot as to that Defendant.

1

offenses and arrests. The government also seeks to have the witnesses be allowed to identify the Defendants both in-court and through the use of booking photographs, providing that a proper foundation is established. The government argues that the photographs are not identifiable as "mug" shots and also argues that they are not Rule 404(b) evidence because they were taken in connection with this case, not another case.

Defendant Rameriz objects to the Government's Motion and files his own Motion in Limine to exclude the photographs as prejudicial. Defendant argues that there is no evidence that the Defendants have changed their appearance since they were arrested and that the proffered witnesses will testify that they had significant contact with Defendants to make identification by a photograph unnecessary. Defendant also objects to allegations of witness intimidation as baseless.

The government relies on *United States v. Condrin*[2] for the admissibility of the photographs. In *Condrin*, there was testimony regarding the actions of a "bald man." Booking photographs of the defendant revealed he was bald at the time of the events in question, but he had grown a full head of hair by the time of trial. Under these circumstances, the Tenth Circuit held it was not error to admit the photograph for identification purposes because it was relevant and also was not prejudicial where it contained no incriminating information suggesting it was a mug shot.

> Furthermore, the photograph was taken in conjunction with the arrest for the charges brought in this case. Any testimony to that effect could easily have remedied potential prejudice as a jury would hardly be surprised that the person facing charges before them was first arrested and booked on those

---

[2]473 F.3d 1283 (10th Cir. 2007).

> charges. It would have taken no effort on the part of the defense to bring out such facts.
> In conclusion, the district court did not abuse its discretion in determining the photograph's probative value outweighed any prejudice by clarifying the witness references to the "bald man" identified as Condrin.[3]

In the present case, the photographs do not bear identifying characteristics of "mug shots" such as numbers or the name of the institution. However, they do show such features as tattoos and the profile pictures are obviously booking photos.

The Court will reserve ruling on this issue. As of yet there is no showing of the change in appearance of a defendant or that his prior appearance was relevant to the witnesses' testimony on identity.[4] Where the relevance is not shown, it is not possible to determine if the probative value would outweigh any prejudicial effect of the photographs. It is therefore

---

[3] *Id*. at 1286-87.

[4] As stated in *Condrin*, a proffered photograph need not "go to a fact in dispute to be admissible" because background evidence is offered and admitted as an aid to understanding. 473 F.3d at 1286 n.2 (quoting Fed. R. Evid. 401, advisory committee's note). However, in order to conduct the balancing test required by Rule 403, the probative value of the evidence must be first assessed.

ORDERED that the government's Motion in Limine Regarding Photographs (Docket No. 247) and the Defendant's Motion in Limine Objecting to the Photographs (Docket No. 284) are RESERVED FOR TRIAL

DATED November 12, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge