IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SALVADOR RAMERIZ and MIGUEL ANGEL CHAVEZ,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON DEFENDANT RAMIREZ'S MOTION IN LIMINE TO PRECLUDE GANG-AFFILIATION EVIDENCE<br><br>Case No. 2:09-CR-784 TS |

Defendant Rameriz seeks to exclude evidence of gang membership on the grounds that no such membership exists, no evidence suggests that the purported gang's purpose is to manufacture marijuana, and lack of relevancy. The government raised the issue of gang affiliation in its trial brief. Defendant originally raised his objection in connection with his objection to the government's notice of expert testimony. However, the government has made it clear that it does not intend to offer an expert relating to gang activity.[1]

The government argues that gang affiliation is relevant to this case to show the

---

[1]Docket No. 279 at 3.

1

relationship between the two defendants and others in order to establish the conspiracy alleged in Count II of the Superceding Indictment. That Count charges conspiracy to manufacture a controlled substance by cultivation. The government proffers that the evidence of such affiliation will be provided by statements made by the trial defendants to a third party. The government proffers such statements are admissible as admissions by a party opponent and are relevant to the connection between members of the conspiracy. However, the government proffers that it does not intend to dwell on the issue of gang affiliation.

The Tenth Circuit has affirmed admission of evidence of gang affiliation in cases where it was found to be admissible under Fed. R. Evid. 401 and 403 rather than Rule 404(b). In *United States v. Brown*,[2] a case relied on by the government, the Circuit summarized its prior case law and found such evidence was properly admitted as follows:

> In *Robinson*, this court allowed gang affiliation evidence to prove a conspiracy among the defendants.
>
>> We are persuaded that associational evidence may be directly relevant on the issues of formation, agreement and purpose of a conspiracy. Circumstantial evidence is often the strongest evidence of conspiracy. Gang membership helped to establish an agreement among the subjects, the purpose of the conspiracy and knowledge on the part of these defendants.
>
> Gang affiliation was also admitted in *United States v. Sloan*, . . . to "show the basis of the relationship between the defendant and witnesses."
> Here, the gang affiliation was clearly relevant. First, when arrested, Mr. Brown and Mr. Dixon both alleged that they had no part in stealing the victim's vehicle. Their involvement in the "Folks" gang, along with Mr. McClelland, the driver of the victim's vehicle, goes to the issues of identity,

---

[2] 200 F.3d 700 (10th Cir. 1999).

joint venture and existence of a conspiracy. Second, gang affiliation illuminates the relationship between Mr. McClelland and the Defendants, not only as to the robbery and carjacking, but also as to Mr. McClelland's subsequent testimony against the Defendants.[3]

Defendant relies on a Seventh Circuit case, *United States v. Irwin*,[4] holding that evidence of membership in a motorcycle club or gang should have been excluded unless that organization was shown to have been involved in drugs. Defendant argues that there is no such showing here.

It is correct that in two Tenth Circuit cases, *Robinson* and *Sloan*, the admissible evidence of gang association also involved evidence that the gangs at issue were involved in the type of illegal activity with which the defendants were charged. However, there is no similar showing in *Brown*, quoted above. Instead, in *Brown* the evidence was offered to show that there was an association between individuals to establish a connection for the purposes of the conspiracy charge. In *Irwin*, the Seventh Circuit case relied on by Defendant, there was no conspiracy charge.[5]

The Court finds that there is no requirement in the Tenth Circuit that it must be established that the purpose of the gang was the illegal activity charged before such gang affiliation evidence would be admissible to show a relationship or connection between a

---

[3]*Brown*, 200 F.3d at 708-09 (citing and quoting *United States v. Robinson*, 978 F.2d 1554, 1562 (10th Cir. 1992) and *United States v. Sloan*, 65 F.3d 149, 151 (10th Cir. 1995) (further citations and quotations omitted)).

[4]87 F.3d 860 (7th Cir. 1996).

[5]*Irwin*, 87 F.3d at 864 (noting that the government was not required to prove a joint venture or an agreement because it was not an element of the offense where the "defendants were not charged with conspiracy.")

defendant and another member of the alleged conspiracy. However, if the purpose of the evidence is to show that the a defendant participated in gang-related activity such as manufacture and distribution of marijuana, there must be a foundation that such was an activity of the gang.

The present record is insufficient to determine if the gang affiliation evidence is admissible at this time. For example, the portion of an Agent's report, quoted in the government's brief[6] references statements of other agents regarding alleged members of a gang, but does not reference the Agent's own knowledge on the issue. It appears that the government's evidence of common association and connection between the Defendants will be based on anticipated testimony by a third party that one or more Defendants made statements to him regarding their affiliation with a gang and the activities of such gang. The Court will reserve ruling until the context of trial. The government shall make a proffer of the gang-affiliation evidence and its purpose outside of the hearing of the jury prior to eliciting such evidence. It is therefore

ORDERED that ruling on Defendant's Motion in Limine to Preclude Gang Affiliation Evidence (Docket No. 262) is reserved for trial as set forth above.

DATED    November 12, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[6]Docket No. 278 at 3.