IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SALVADOR RAMERIZ and MIGUEL ANGEL CHAVEZ,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING IN PART DEFENDANT RAMIREZ'S MOTION IN LIMINE OBJECTING TO GOVERNMENT'S EXPERT DISCLOSURE<br><br>Case No. 2:09-CR-784 TS |

Defendant Rameriz objects to the government's November 3, 2010 Notice of Intent to Call Expert Witnesses at trial on the grounds that it does not meet the requirements of Fed. R. Crim. P. 16(a)(1)(G), because it is untimely, the disclosure is overbroad, the evidence has not been shown to be relevant, and does not put Defendant on notice of the substance of the testimony. Defendant Ramirez argues that he is prejudiced by the late disclosure because there is insufficient time before trial.

The government's notice provides only the following information:

> Special Agent Roe (Retired) and Special Agent Lark will be called primarily as fact witnesses, if called at all. Nevertheless, they and Special Agents Cox and Holliday, may also be called upon to offer opinions about different aspects of the narcotics counterculture: cultivation methods and means; trafficking methods and means; market value; organizational structure; terminology; vernacular; ingestion; paraphernalia identification; drug recognition, and the like.
>
> Detective Triplett may be called to testify regarding fingerprints as follows: the process of obtaining fingerprints, the process of analyzing fingerprints; the likelihood of success in various circumstances; and the actual analysis of firearms seized in this case.
>
> Unless a stipulation is agreed upon, Ms. Huntington--a trained forensic chemist--may be called to testify regarding the quantity and quality drug samples seized in this case. All such opinions will be based upon expert knowledge--that is, specialized, technical training and extensive professional experience.[1]

The government responds that its notice of intent to call expert witnesses was largely filed in an excess of caution, that it agrees to call four of the six listed expert witnesses as largely fact witnesses, that it did not know until recently that an expert would be required to establish that the substance at issue is marijuana, and finally, as to the one new expert on marijuana growing, it provides additional disclosure. The government also represents that it does not intend to offer an expert on gang activity.

The Tenth Circuit set forth the standards connected with expert disclosure in connection with Fed. R. Crim. P. 16(a)(1)(G), in *United States v. Brown*[2]:

> Rule 16(a)(1)(G) requires that, at the defendant's request, the government "must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed.R.Crim.P. 16(a)(1)(G). The rule also stipulates the content of such a written summary: it must

---

[1] Docket No. 246 at 2.

[2] 592 F.3d 1088 (10th Cir. 2010).

2

include the expert's qualifications, describe her opinions, and state "the bases and reasons for those opinions."

If a party fails to comply with a discovery request, the district court may order sanctions, including (1) issuance of an order demanding compliance, (2) grant of a continuance, (3) exclusion of undisclosed evidence, or (4) the imposition of any other just order. Fed.R.Crim.P. 16(d)(2). In deciding which sanction is proper, the district court should "typically consider" three factors: (1) the reason for the government's delay in production; (2) the extent of prejudice to the defendant as a result of the delay; and (3) the feasibility of curing the prejudice with a continuance. "The court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order."  Finally, "district courts have broad discretion in imposing sanctions on parties who violate discovery orders, and we review a court's decision to impose sanctions and its choice of sanction for abuse of discretion."[3]

The Tenth Circuit has also explained that the remedy sought by Defendant Ramirez, exclusion of the expert evidence, "is extreme" and "is almost never imposed 'in the absence of a constitutional violation or statutory authority for such exclusion.'"[4]

The Court finds that where the government will limit the testimony of Agents Roe, Lark and Cox to that of fact witnesses in its case in chief, and does not intend to call Detective Triplett in its case in chief, there is no failure to comply with the Rule or prejudice to the Defendant. For the purposes of context and background, some limited testimony may be elicited by the government based on the experience and training of these officers

---

[3] *Id*. at 1090 (quoting *United States v. Russell*, 109 F.3d 1503, 1511 (10th Cir. 1997); *United States v. Ivy*, 83 F.3d 1266, 1280 (10th Cir. 1996); and *United States v. Gonzales*, 164 F.3d 1285, 1291 (10th Cir. 1999)).

[4] *Id*. at 1090, n. 4 (quoting *United States v. Charley*, 189 F.3d 1251, 1262 (10th Cir. 1999)).

3

as it relates to their fact testimony. However, the government will be expected to comply with its proffered "self-imposed limitations" as to those witnesses.

As to the DEA Laboratory Chemist, the Court finds that the issue of the identity of the substance is a subject that is commonly the subject of a stipulation and, therefore, there is no indiction that the government should have known that it would be required to establish this fact by expert testimony at an earlier time. The chemist's qualifications are fully set forth in the attachment to the government's notice. The Court finds that the subject of identification of the substance grown is very relevant to the issues to be determined by the jury within the meaning of Fed. R. Evid. 401; that the scientific knowledge of a forensic chemist will assist the jury to determine facts in issue, and that there is nothing to challenge the qualifications of the government's forensic chemist to testify as an expert on the identity of the substance. The Defendant does not proffer how he will be prejudiced by the delay in naming the chemist and does not argue that he needs to obtain its own counter-expert on the issue of identification of the substance. Therefore, Defendant has not shown any prejudice and the expert testimony of the forensic chemist should be allowed.

As to Agent Holliday, the government proffers that it only recently determined that it would be helpful to the jury to have an expert on cultivation methods and market value. It proffers that Agent Holliday will be part of its case-in-chief. Agent Holliday's qualifications are set forth in the attachment to the government's Notice, and include several years experience in marijuana eradication courses and Cannabis Eradication/Suppression programs and task forces.

In its response, the government also provides additional information about his expected testimony including that the area at issue shared the physical characteristics of a typical marijuana-garden, the cultivation process for marijuana, and its specific market value. The government proffers that such testimony will be helpful to the jury on issues such as opportunity and motive.

The Court finds that this testimony is relevant to issues to be determined by the jury, that Agent Holliday appears to be qualified by experience and training on these issues, and that the anticipated subject matter of his testimony is not with the common experience of the average juror and, therefore, will assist the jury. The information now provided complies with Rule 16(a)(1)(g)'s requirement the notice state the "the bases and reasons for those opinions."[5] However, because the more specific information required by Rule 16 was only provided in the response, Defendant has not had an opportunity to argue that it needs its own counter-expert or to proffer the time needed to rebut such expected evidence—if it will be disputed. Therefore, the Court will deny Defendant's motion to exclude the expert testimony subject to the limitations proposed by the government and the ability of Defendant to argue any prejudice from Agent Holliday's expert testimony. It is therefore

---

[5] *See United States v. Duvall*, 272 F.3d 825, (10th Cir. 2001) (holding that "the rule requires a summary of the expected testimony, not a list of topics").

ORDERED that Defendant's Motion in Limine Objecting to the Government's Expert Disclosure (Docket No. 261) is DENIED IN PART as set forth above.

DATED   November 12, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge