IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SALVADOR RAMERIZ and MIGUEL ANGEL CHAVEZ,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER RE: MOTIONS IN LIMINE ON CO-CONSPIRATOR STATEMENTS AND DEFENDANT'S STATEMENTS<br><br>Case No. 2:09-CR-784 TS |

There are two related motions before the Court. First, Defendant Rameriz moves to exclude admission of co-conspirator statements which refer directly or indirectly to him or which otherwise incriminate him.[1] He argues that for such statements to be admissible, the government must establish the elements for admissibility under Fed. R. Evid. 801(d)(2)(E). That subsection defines as "not hearsay" and an "admission by a party opponent" "a statement by a coconspirator of a party during the course and in furtherance

---

[1] Defendant's Motion is docketed twice, as Nos. 251 and 263. Docket No. 263 will be denied as moot.

1

of the conspiracy."[2]

> In order to be admissible as a co-conspirator statement under 801(d)(2)(E): The court must determine that (1) by a preponderance of the evidence, a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy.[3]

"In furtherance" means that the statements "are intended to promote the conspiratorial objectives."[4] Statements that describe the role of one conspirator in relationship to another conspirator are "in furtherance" of the conspiracy.[5]

> The trial witness need not be a co-conspirator, so it does not matter whether [the trial witness] was a co-conspirator when she heard the statements because Anderson was a co-conspirator. But, the fact that [the trial witness] was initially a peripheral player (although she was later charged with conspiracy to distribute drugs) makes it harder for the government to establish the third, "in furtherance" element. Statements that describe the role of one conspirator in relationship to another conspirator are "in furtherance" of the conspiracy. It seems doubtful that the conspirator's explanation of the players involved in a conspiracy to an unconnected bystander is "in furtherance" of the conspiracy.[6]

Defendant argues that a determination of the admissibility of such alleged co-conspirator statements should be made before the statements are presented to the jury.

The government acknowledges that it has the burden of establishing the

---

[2] Fed. R. Evid. 801(d)(2)(E).

[3] *Id.*

[4] *United States v. Rivera-Carrera*, 2010 WI 2926543 * 5 (10th Cir. Jul. 28, 2010). The Court finds this slip opinion to be persuasive on issues before the Court in this trial.

[5] *Id.* (quoting *United States v. Reyes*, 798 F.2d 380, 384 (10th Cir. 1986) (internal citations omitted)).

[6] *Id*. (citing *United States v. Williamson*, 53 F.3d 1500, 1520 (10th Cir. 1995) (further citation and footnote omitted).

admissibility of Defendants' statements, and argues that the statements may be admissible under more than one exception as set forth in its own Motion in Limine seeking to admit Defendant's statements. The government argues that "absent specific pre-trial objections by defendants to specific out-of-court statements, . .. . the court [should] decline defendant's invitation for a pre-trial review of all witness testimony" and instead admit or exclude it at trial in accordance with the Federal Rules of Evidence.

The government's position is undermined by the fact that holding a pretrial *James*[7] hearing to determine the admissibility of evidence under rule 801(d)(2)(E) is the "strongly preferred approach" as explained in *United States v. Aguilera-Meza*:[8]

> while we have reiterated "our strong preference" for *James* hearings when the prosecution relies on co-conspirator statements, a *James* hearing is not required. In the alternative to holding a *James* hearing, a district court may properly admit a co-conspirator statement "by provisionally admitting the statement with the caveat that the party offering it must prove the existence of the predicate conspiracy through trial testimony or other evidence." The trial court retains some discretion in choosing between these alternatives.[9]

However, as also noted in *Aguilera-Meza,* a *James* hearing must be timely requested. In *Aguilera-Meza*, the Tenth Circuit held that a request for a separate *James* hearing the day before trial was not timely. In this case, the logistics of the number of Defendants make it difficult to schedule a hearing without some notice. In the present

---

[7] *See United States v. James*, 590 F.2d 575 (5th Cir. 1979).

[8] 329 Fed.Appx. 825 (10th Cir. 2009).

[9] *Aguilera-Meza*, 329 Fed. Appx. at 832-833 (quoting *United States v. Gonzalez-Montoya*, 161 F.3d 643, 648-49 (10th Cir. 1998) and *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007)).

case, Defendant's Motion was filed four work days[10] before trial making it impossible to hold a separate *James* hearing in advance of trial. However, as more fully set forth below in connection with the government's Motion, issues of admissibility of evidence raise several interrelated and complicated issues. Therefore, the Court finds that there should be a written proffer of the co-conspirator's and Defendants' statements and the government's asserted basis for their admissibility prior to the testimony. Therefore, the Court will reserve ruling on Defendant's Motion in Limine to Preclude Admission of Co-conspirator Statements until trial.

The government's Motion in Limine seeks an order that Defendants' statements made to fellow inmates are admissible as to the speaker and his co-defendant and may be offered into evidence by the government in its case-in-chief.

The government proffers that two types of statements are admissible. The first type are alleged statements made after the arrests by a Defendant to a co-Defendant in the nature of threats or intimidation. The government proffers that these are non-hearsay admission by a party-opponent under Fed. R. Evid. 801(d)(2)(A).

The second type are the statements made by one defendant to a non-defendant witness while they were inmates together. The government contends that these second statements do not implicate the Fifth Amendment because they are not the result of a custodial interrogation. The government also argues that as found in *United States v.*

---

[10]November 11, 2010, was a federal holiday.

*Smalls*,[11] such statements between inmates are "clearly non-testimonial" and under *Crawforth v. Washington*[12] and *Whorton v. Bockting*,[13] they do not implicate the Confrontation Clause and may be admitted even if they lack indicia of reliability.

The government is partially correct. If a foundation similar to that shown in *Smalls* establishes that the character of the statements between the inmates is non-testimonial, the Confrontation Clause is not implicated.[14] However, as *Smalls* further explains,

> Because "only [testimonial] statements . . . cause the declarant to be a 'witness' within the meaning of the Confrontation Clause," and because Cook's statement is nontestimonial, Fed.R.Evid. 804(b)(3) determines its admissibility, subject, of course, to Rule 403's balancing test.[15]

Thus, admissibility must also be determined under Rule 804(b)(3). As shown in *Smalls*, this can be a complex issue:

> [In *Williamson*, the] Court rejected the view "that an entire narrative, including non-self-inculpatory parts (but excluding the clearly self-serving parts . . .) may be admissible if it is in the aggregate self-inculpatory." Rather, in the Court's opinion:
>> [T]he most faithful reading of Rule 804(b)(3) is that it does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally

---

[11] 605 F.3d 765 (10th Cir. 2010).

[12] 541 U.S. 813 (2006).

[13] 549 U.S. 406, 420 (2007).

[14] *Smalls*, 605 F.3d at 778-79 (holding that "We focus our attention not on the nature of CI's questions, but on the nature of [the defendant's] responses, because as the Supreme Court teaches in *Davis*, 'even when interrogation exists, it is in the final analysis the declarant's statements, not the interrogator's questions, that the Confrontation Clause requires us to evaluate.'") (quoting *Davis v. Washington*, 547 U.S. 813, 822-23 n. 1 (2006).

[15] *Id*. at 779 (quoting *Davis*, 547 U.S. at 821)).

5

> self-inculpatory. The district court may not just assume for purposes of Rule 804(b)(3) that a statement is self-inculpatory because it is part of a fuller confession and this is especially true when the statement implicates someone else.
>
> The [*Williamson*] Court noted "[t]he fact that a statement is self-inculpatory does make it more reliable," but "the fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts." In directing district courts to exclude self-exculpatory portions of otherwise self-inculpatory statements, the Court moreover explained: "Self-exculpatory statements are exactly the ones which people are most likely to make even when they are false; and mere proximity to other, self-inculpatory, statements does not increase the plausibility of the self-exculpatory statements."[16]
>
> * * *
>
> The Court explained that "whether a statement is self-inculpatory ... can only be determined by viewing it in context:" "The question under Rule 804(b)(3) is always whether the statement was sufficiently against the declarant's penal interest" as the Rule objectively defines that phrase. And that depends not only on the contextual wording of the statement itself but also on the circumstances under which it was made.

Thus, this Court must carefully analyze the proffered statements by the Defendants to the inmate "accordance with Rule 804(b)(3) and *Williamson* to separate [a Defendant's] admissible from his inadmissible remarks."[17] To do so, this Court must

> first determine what parts of [Defendant's] extended confession are sufficiently against his penal interest and therefore admissible under Fed.R.Evid. 804(b)(3). The court should then subject those selected statements not only to Rules 401 and 402's relevancy requirements, but also

---

[16]*Id*. at 781 (quoting *Williamson v. United States*, 512 U.S. 594, 598-99, 601(1994) (some alternations, additional quotations, and footnotes omitted).

[17]*Id.* at 784 (finding error in trial courts to so analyze and separate statements).

6

to Rule 403's balancing test.[18]

Obviously, this is a complex task best not performed in front of the jury. An after-the-fact attempt to parse out one or more of several related statements as not admissible would be difficult for the jury and possibly prejudicial for the Defendants. In *Smalls*, the issue was decided pursuant to a pre-trial order seeking admission of the accomplice's statement to confidential informant. In the present case, there is also a Motion seeking a pre-trial order on admission of the Defendants' statements to another inmate. However, in the present case there is insufficient information to make the required determinations. It is therefore

ORDERED that Defendant Ramirez's Motion in Limine to Preclude Admission of Co-Conspirator Hearsay Statements (Docket No. 251) and the government's Motion in Limine Regarding Defendants' Statements are RESERVED FOR TRIAL. It is further

ORDERED that the government shall submit the anticipated statements covered by its Motion together with a proffer of the basis of their admissibility by Monday, November 15, 2010 at 8:00 a.m. Defendant shall have until Tuesday, November 16, 2010, at 8:00 a.m. to file any response.

DATED November 12, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[18] *Id.* at 786-87.