IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SALVADOR RAMIREZ,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE<br><br><br>Case No. 2:09-CR-784 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Reduction of Sentence. "A

district court is authorized to modify a Defendant's sentence only in specified instances where

Congress has expressly granted the court jurisdiction to do so."[1]  18 U.S.C. § 3582(c)(1)(A)

allows the Court to modify a term of imprisonment under certain circumstances.  Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted
> all administrative rights to appeal a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse of 30 days from the receipt of such a
> request by the warden of the defendant's facility, whichever is earlier, may reduce
> the term of imprisonment (and may impose a term of probation or supervised
> release with or without conditions that does not exceed the unserved portion of the
> original term of imprisonment), after considering the factors set forth in section
> 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and
> compelling reasons warrant such a reduction.

Where, as here, a defendant has fully exhausted his administrative rights, the Court may

reduce a defendant's term of imprisonment where: (1) "extraordinary and compelling reasons"

warrant a sentence reduction; (2) the sentence reduction is consistent with "applicable policy

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

statements issued by the Sentencing Commission;" and (3) the reduction is consistent with the

Court's consideration of the 18 U.S.C. § 3553(a) factors.[2]

Defendant's Motion does not present any reasons for his request, let alone extraordinary

and compelling reasons that warrant a sentence reduction.  Based upon the letter from the Bureau

of Prisons attached to Defendant's Motion, it appears that Defendant's request is based on the

current COVID-19 pandemic.  However, Defendant's generalized fear of COVID-19 is not

sufficient to demonstrate extraordinary and compelling reasons warranting release.[3]  Moreover,

Defendant has received the Johnson & Johnson vaccine.[4]  A number of courts, including this

one, have held that a fully vaccinated individual, such as Mr. Ramirez, cannot show an

"'extraordinary and compelling' reason within the meaning of Section 3582(c)(1)(A) when the

motion is based on COVID-19 concerns."[5]  Without more, Defendant's request must be denied.

---

[2] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[3] *See, e.g., United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (stating that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").

[4] Docket No. 423-1, at 13.

[5] *United States v. Burgoon*, No. 07-20072-05-JWL, 2021 WL 1736873, at *2 (D. Kan. May 3, 2021) (collecting cases); *cf. United States v. Hald*, ---F.4th---, 2021 WL 3439012, at *1 n.2 (10th Cir. Aug. 6, 2021) (noting there is "certainly room for doubt that Defendants' present circumstances would support a finding of 'extraordinary and compelling reasons'" where appellants "had either been vaccinated or been offered the opportunity to be vaccinated against COVID-19").

It is therefore

ORDERED that Defendant's Motion for Reduction of Sentence (Docket No. 414) is

DENIED.

DATED this 14th day of September, 2021.

BY THE COURT:

_____

Ted Stewart
United States District Judge